# In the United States Court of Federal Claims

No. 24-1221

Filed: November 26, 2024

**SUZANNE JEAN MCCRORY,**

*Plaintiff,*

v.

**THE UNITED STATES,**

*Defendant.*

*Suzanne Jean McCrory*, Mamaroneck, NY, Pro se.

*Tanner Stromsnes*, Trial Attorney, with *David A. Hubbert*, Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff, Suzanne Jean McCrory ("Ms. McCrory"), asks this Court for help recovering from the Whistleblower Office ("WBO") of the Internal Revenue Service ("IRS"). (Compl., ECF No. 1). Ms. McCrory argues that the IRS incorrectly interpreted and applied Internal Revenue Code § 7623(b)(2) and its corresponding regulations, 26 C.F.R. 301.7623-4, to her whistleblower claim by awarding her only one percent of collected proceeds instead of the fifteen percent minimum. (*Id.* at 1). The United States moved to dismiss the claim for lack of subject-matter jurisdiction under RCFC 12(b)(1), or alternatively for failure to state a claim under RCFC 12(b)(6). (Def.'s Mot. at 4–8, ECF No. 10). The Court agrees with the United States and hereby **GRANTS** its Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

Ms. McCrory is a sophisticated pro se plaintiff and a frequent patron of the WBO. She estimates to have submitted more than 600 claims since 2014. (Compl. at ¶ 34). On August 16, 2018, Ms. McCrory submitted a batch of seven (7) claims, six (6) of which were Financial Institution Regulatory Authority ("FINRA") arbitral awards and one (1) was a non-FINRA settlement. (*Id.* at ¶ 39). At issue is one of the six FINRA awards, which the WBO adjudicated, resulting in a recovery of $179,672.20 for the Government. (*Id.* at ¶ 43). In its Preliminary Award Recommendation Letter ("PARL"), the WBO awarded Ms. McCrory one percent of the

recovered amount under § 7623(a), a total of $1,796.72. (*Id.*).[1] Ms. McCrory declined the PARL and petitioned the WBO for review. (*Id.* at ¶¶ 44–51). The WBO denied her petition. (*Id.* at ¶ 52). Ms. McCrory then filed a complaint in the United States Tax Court. (*Id.* at ¶ 55; *see McCrory v. Comm'r. of Internal Revenue*, T.C.M. (RIA) 2023-098 (Tax 2023) (hereinafter "*McCrory* (2023)")). There, the Commissioner moved to dismiss, arguing that the Tax Court lacked jurisdiction because the disputed award did not meet the $2,000,000 statutory threshold of § 7623(b)(5)(B). *McCrory v. Comm'r. of Internal Revenue*, T.C.M. (RIA) 2024-061 (Tax 2024) (hereinafter *McCrory* (2024)). The Tax Court rejected the Commissioner's argument, stating that the proceeds-in-dispute requirement "is not jurisdictional, but must be raised as an affirmative defense." *McCrory* (2023) at 3. The Commissioner then moved for summary judgment on the same grounds. *McCrory* (2024) at 1. This time, the Tax Court granted the Commissioner's motion, holding "that the proceeds in dispute did not meet the threshold under section 7623(b)(5)(B) and the Commissioner is entitled to judgment as a matter of law." *Id.* Ms. McCrory then filed suit at the Court of Federal Claims.

The United States now moves to dismiss, arguing the Court lacks jurisdiction over Ms. McCrory's claims. (*See generally* Def.'s Mot.). The burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of subject-matter jurisdiction, the court accepts as true all uncontroverted factual allegations made by the non-movant and draws all inferences in the light most favorable to that party. *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pursuant to RCFC 12(b)(1) and 12(h)(3), the Court must dismiss claims that do not fall within its subject-matter jurisdiction.

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. §1491. The Tucker Act grants this Court jurisdiction over claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act "does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). A money-mandating claim exists "if the statute, regulation, or constitutional provision that is the basis for the complaint 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983)); *see Fisher*, 402 F.3d at 1173. Generally, the Court reads pro se pleadings more liberally than those prepared by a lawyer; however, pro se plaintiffs must still meet their jurisdictional burden. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dept. of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

---

[1] The Budget Control Act requires a 5.7% reduction of certain government outlays, resulting in a reduction of Ms. McCrory's actual award amount to $1,694.31. (Compl. at ¶ 43).

Section 7623(a) of the Internal Revenue Code provides that the Secretary of the Treasury, under "regulations prescribed by the Secretary, is authorized to pay such sums, as he deems necessary for (1) detecting underpayments of tax . . . ." I.R.C. § 7623(a). Treasury regulations provide that "the Whistleblower Office may pay an award under section 7623(a), in a suitable amount, for information necessary for detecting underpayments of tax or detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same." 26 C.F.R. § 301.7623–1(a) (2020). The language of the statute and regulation is permissive: "as he *deems necessary*" and "the Whistleblower Office *may* pay an award" plainly involve discretion. I.R.C. § 7623(a); § 26 C.F.R. 301.7623-1(a) (2020) (emphasis added).

In addition, case law cuts deeply against Ms. McCrory. First, the Federal Circuit has specified that "the Tax Court has exclusive jurisdiction over claims based on § 7623." *Meidinger v. United States,* 989 F.3d 1353, 1358 (Fed. Cir. 2021). Ms. McCrory distinguishes her claim from *Meidinger* stating that Mr. Meidinger's claim fell under § 7623(b), whereas Ms. McCrory's claim falls under § 7623(a). (Pl.'s Resp. at 8–9); *See Meidinger*, 989 F.3d at 1358. However, the Circuit's finding in *Meidinger* applies to all of § 7623—if the Federal Circuit wished to limit its jurisdictional finding to either § 7623(a) or § 7623(b), it would have.

Second, Ms. McCrory does not use a contract theory to establish jurisdiction, instead she asserts that all claims under § 7623(a) became money-mandating in 2014 when the Secretary of the Treasury promulgated "'regulatory law' at 26 C.F.R.§301.7623.1-4 [sic] . . . ." (Pl.'s Resp. at 6–7, 9 ("Plaintiff's instant claim is distinguishable as an IRC §7623(a) award that became money-mandating by regulation *rather than by statute or contract*.") (emphasis added), ECF No. 11). Ms. McCrory asserts that under these regulations, payment of § 7623(a) claims is "as mandatory as . . . § 7623(b) claims." (*Id.* at 7). Ms. McCrory claims that "[w]hen 7623(a) claims became money-mandating by regulation, such claims satisfied the statutory prerequisite for jurisdiction of the Court of Federal Claims, while failing to meet the statutory prerequisites for Tax Court appeal." *Id.*

To establish jurisdiction for her claim, Ms. McCrory asks this Court to take several impossible leaps; first, to determine that § 7623's implementing regulations are money-mandating despite case law to the contrary; and second, to find that those regulations apply to all awards under § 7623 despite to the "jurisdictional paradox" that creates. (Compl. at ¶ 25; *See* Def.'s Mot. at 5). The Court of Federal Claims has held that "[s]ection 7623(a) and its implementing regulations at 26 C.F.R. § 301.7623-1, *et seq.*, are discretionary and not money-mandating." *Doe v. United States*, 153 Fed. Cl. 629, 636 (2021) (Roumel, J.) (citing *Cambridge v. United States*, 558 F.3d 1331, 1333 (Fed. Cir. 2009), and *Merrick v. United States*, 846 F.2d 725, 726 (Fed. Cir. 1988)). Therefore, "a whistleblower cannot pursue an award claim relying solely upon the statute and implementing regulations." *Doe v. United States*, 153 Fed. Cl. at 636 (citing *Merrick*, 846 F.2d at 725). Because § 7623(a) does not create a right to money damages, it is fatal to Ms. McCrory's claim. *See Fisher*, 402 F.3d at 1172.

The Tax Court's exclusive jurisdiction over § 7623(b) claims is well established, which creates the paradox in Ms. McCrory's argument. (Def.'s Mot. at 5; *see Dacosta v. United States,* 82 Fed. Cl. 549, 555 (2008) ("[T]he Court holds that plaintiffs' claims based upon subsection 7623(b)(l) are within the exclusive jurisdiction of the Tax Court."); *see also Capelouto v. United*

*States*, 99 Fed. Cl. 682, 691 (2011) ("Because Congress has vested the United States Tax Court with subject matter jurisdiction over suits to recover an award under section 7623(b), such suits are beyond the jurisdiction of this court.")). If this Court were to find that § 7623(a) is indeed "money mandating" by regulation (and therefore this Court has jurisdiction), it would create an intra-statute split of exclusive jurisdiction between the Court of Federal Claims and the Tax Court. (Def.'s Mot. at 5 ("[C]laims under § 7623(b)—i.e., claims involving more than $2,000,000 in disputed proceeds—would assumedly remain exclusively within the jurisdiction of the Tax Court. But claims under § 7623(a)—i.e., claims involving $2,000,000 or less in disputed proceeds . . . would now be within the exclusive jurisdiction of [the Court of Federal Claims].")). Had this been Congress's intent, it would have said so. The Court declines to interpret § 7623 or 26 C.F.R. § 301.7623 as creating such jurisdictional chaos.

While § 7623 is not a model of draftsmanship, it certainly does not grant the Court of Federal Claims jurisdiction over Ms. McCrory's claim. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss, (ECF No. 10), and **DISMISSES** Plaintiff's Complaint, (ECF No. 1), for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.